OF

## THE STATE OF NEW JERSEY.

OCTOBER TERM, 1905.

---

WILLIAM J. MAGIE, ORDINARY.

JAMES J. BERGEN, VICE-ORDINARY.

---

In the matter of the estate of EVA R. POLLEY, deceased.

[Decided December 14th, 1905.]

A testatrix bequeathed and devised to her infant daughter all her residuary estate absolutely, with the following proviso: "Provided, how-ever, that if my said daughter should die before attaining the age of twenty-one years or without disposing of the same or all of it, or with-out having made a last will and testament," then over.—*Held*, (1) That in construing the proviso, "and" cannot be substituted for "or," as such substitution would express a sense contrary to the plain intent of testatrix; (2) That, considering the incapacity of the infant to make a will or dispose of property during minority, an intent is disclosed to make applicable the first contingency to the period of minority, and the two

659

other contingencies to the infant's life after coming of age; (3) That upon this construction, the power of disposal given to the first taker will not avoid the gift over, if the first contingency, viz., death of the infant during minority, shall happen; whether, if the infant survives to be twenty-one, the power of disposal thus given will not avoid the gift over, *quære*.

On appeal from the Passaic county orphans court.

*Messrs. Pilney & Hardin,* for the appellants.

*Messrs. Horlon & Tilt,* for the respondents.

MAGIE, ORDINARY.

Eva R. Polley, by her will, probated May 11th, 1900, appointed her mother, Rose Ryerson, and her sister, Laura Watson, executrices, and directed them to pay debts and funeral and testamentary expenses, and then provided as follows:

"I give, devise and bequeath to my daughter, Viola Polley, all my estate, both real and personal of every kind and nature whatsoever, to be hers absolutely; provided, however, that if my said daughter should die before attaining the age of twenty-one years, or without disposing of the same or all of it, or without having made a last will and testament, then and in such case I give, devise and bequeath the same to my said mother and sister, share and share alike."

By an order made March 30th, 1905, the orphans court of Passaic county, after adjudicating that the proviso of the will, above quoted, was void, directed that certain chattels, which comprised the residue of the personal estate of the testatrix in the hands of the executrices, should be delivered to Robert H. Fordyce, the guardian of Viola Polley (who is a minor), on his paying certain sums which, by the account of the executrices previously allowed by the court, were due them from the estate. Notwithstanding the adjudication that the proviso was void, which adjudication seems necessarily to deny any contingent interest of Rose Ryerson and Laura Watson in the residue of testatrix's personal estate, the order directed the guardian to give security to protect their interest.

The appeal before me is taken by Rose Ryerson and Laura Watson from the order above stated, and they claim, *first,* that the orphans court possessed no jurisdiction to pass upon the meaning of the will and make such an order as was made; and *second,* that if there was jurisdiction in the orphans court, it erred in its construction of the proviso which was adjudged void.

By the opinion of the learned judge of the orphans court it appears that his conclusion was reached upon the ground that the three distinct contingencies, on the happening of which the gift over was to take effect, were co-terminous, so that death before twenty-one years, and death without having disposed of all the gift, or death without having made a will, were all contingencies applicable during the minority of the infant. Upon such construction the inference was that a power of complete disposition having been disclosed, the gift was absolute, and the proviso for a gift over was unavailing.

If the learned judge correctly divined the intent of testatrix as disclosed by the clause above set out, it would seem that his deduction is in accord with the well-known rule that an absolute gift with unlimited power of disposition will not be limited by a gift of what has not been disposed of, because of an incompatibility of the gift over with the absolute gift. *Borden* v. *Downey, 35 N. J. Law (6 Vr.) 74; S. C., 36 N. J. Law (7 Vr.) 460; McClellan* v. *Larchar, 45 N. J. Eq. (18 Stew.) 17; Rodenfels* v. *Schumann, 45 N. J. Eq. (18 Stew.) 383; Dodson* v. *Sevars, 52 N. J. Eq. (7 Dick.) 611; S. C., 53 N. J. Eq. (8 Dick.) 347; Annin* v. *Van Doren, 14 N. J. Eq. (1 McCart.) 135; Benz* v. *Fabian, 54 N. J. Eq. (9 Dick.) 615.*

But I am unable to attribute to the words of the proviso the meaning which the court below gave to them. In my judgment, the words disclose a different intent on the part of testatrix. The three contingencies, on the happening of all or one of which the gift over is to take effect, are not connected by the copulative "and," but by the disjunctive "or." In support of the order appealed from, it is argued that "or" may be, and in this case should be, read as if it were "and." There is no doubt that such substitution has been made in many cases. *Nevison* v.

*Taylor, 8 N. J. Law (3 Halst.) 43; Den* v. *Mugway, 15 N. J. Law (3 Gr.) 330; Holcomb* v. *Lake, 24 N. J. Law (4 Zab.) 688; S. C., 25 N. J. Law (1 Dutch.) 609.*

In the court of errors and appeals it was declared that when there is a devise with a limitation over in case the devisee die under twenty-one or without issue, the word "or" must be construed "and," unless there are words in the will manifesting a contrary intention. *Holcomb* v. *Lake, 25 N. J. Law (1 Dutch.) 613.* With such a limitation over, the inference of an intent which could only be expressed by the use of the copulative is so persuasive as to require that use, unless other words in the will forbid it. But where the limitation over is on contingencies which indicate in their language a particular intent which would not be expressed by the substitution of "and" for "or," then no such substitution should be made. To do so would be to thwart the will of the testatrix.

In this case the substitution of "and" for "or" would be contrary to the manifest intention of the testatrix, in my judgment.

At the time of the execution of the will the primary beneficiary was an infant of a few years of age. She could make no will until she became of age. During minority she could not dispose of her property. When her mother, by this proviso, made a gift over upon one contingency, viz., death of the infant during minority, and then added two other contingencies, viz., death without having disposed of the property and death without having made a will, it seems to me clear that her intent was that the latter two contingencies were only to take effect on the gift after the infant became of age, and was capable of making a will and disposing of the property. It should be read thus:

"Provided, however, that if my said daughter should die before attaining the age of twenty-one years, or 'if after attaining such age she should die' without having disposed of the same or all of it, or without having duly made a last will and testament, then  *  *  *  I give," &c.

Upon this construction the first contingency is the only one operative during the infant's minority. When the other contingencies come into operation, upon the infant's arriving at full

age, it may be questioned whether, since a complete power of disposition is then given, they will not be wholly void. But that question is not now presented.

It results that it was erroneous to adjudicate that the proviso is void. On the contrary, that part which provides for a gift over if the infant dies before twenty-one is effective, and while the residue may be taken by the infant's guardian, the court may require security to be given to those who will succeed if that contingency happens, pursuant to the proviso.

This result renders it unnecessary to determine whether the orphans court had jurisdiction to make such an order. It is conceded that its power in that respect arises solely from legislation which is now contained in section 173 of the act entitled "An act respecting the orphans court, and relating to the powers and duties of the ordinary and the orphans court and surrogates," approved June 14th, 1898. *P. L. 1898 p. 715.*

Whether such legislation is within the constitutional power of the legislature has been questioned. *Adams* v. *Adams, 46 N. J. Eq. (1 Dick.) 298; In re Lippincott Estate, 68 N. J. Eq. 578.*

It may be further observed that the transcript discloses no application on the part of the guardian such as is required by the act. As this legislation seeks to transfer to the orphans court the jurisdiction which the court of chancery always possessed over suits for the recovery of legacies, and the incidental jurisdiction over the construction of wills, it is not possible to conceive that the legislature intended that the orphans court could be moved to act without some formal petition setting out the applicant's claim. If the legislation is effective, it has been determined that an order or decree made thereon will have no force as to a person interested, unless notice to him has been given of the application. *Adams* v. *Adams, ubi supra.* It therefore seems clear that a formal application should be made in such cases, and the parties in interest should be brought in by some process or notice.

But upon the erroneous construction of the will in question, I conclude that the order appealed from must be reversed.